In a still later case this doctrine is affirmed, in an opinion delivered by Mr. Justice BLATCHFORD, in this language, (*Cornely* v. *Marckwald*, 131 U. S. 159, 9 Sup. Ct. Rep. 744:)

"As to the question of an established license fee, the case is governed by the recent decision of this court in *Rude* v. *Westcott*, 130 U. S. 152, [9 Sup. Ct. Rep. 463,] where it was held that the payment of a sum in settlement of a claim for an alleged infringement of a patent 'cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained by the owner of the patent in other cases of infringement.'"

It will be observed by reference to the master's report that the standard adopted by him in this case, to measure the value of the improvements patented in determining the plaintiff's damages, is precisely the one the supreme court says cannot be taken, and furnishes no basis for a decree for damages. The exception to that part of the report awarding damages is sustained. All other exceptions to the report, both by plaintiffs and defendant, are overruled. The decree will be entered in accordance with the rulings of the court, and a prayer for appeal by both parties will be entered and allowed.

---

### EGAN *v.* A CARGO OF SPRUCE LATH.

(*Circuit Court, S. D. New York.* September 30, 1890.)

MARITIME LIENS—FREIGHT AND DEMURRAGE—HOW LOST.
  A cargo of lath, sold by the consignee to the claimant before arrival, was discharged without notice to claimant of any lien or claim for freight and demurrage, it being customary in the port of New York to discharge cargoes from canal-boats before demanding freight and demurrage, and the laths, as fast as they were discharged, were received by the claimant, and transported from the wharf to his lumber-yard, a half mile distant. Libelant's claim for freight and demurrage against the consignee and shipper being afterwards disputed as to amount, this libel was filed five days after the discharge was completed to establish a lien. *Held* that, as the delivery was unconditional, the lien had been lost. Affirming 41 Fed. Rep. 880.

In Admiralty. Appeal from district court.

Libel by Frank Egan against a cargo of spruce lath for freight and demurrage. The libel was dismissed, and libelant appeals.

*Hyland & Zabriskie*, for libelant.

*Benj. Barker, Jr.*, for claimant.

LACOMBE, J. Decree of district court affirmed, with costs.